**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                    No. 98-4484

CLARENCE EUGENE LAYTON,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
William B. Traxler, Jr., District Judge.
(CR-98-190)

Submitted: December 30, 1998

Decided: January 20, 1999

Before NIEMEYER, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David W. Plowden, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. E. Jean Howard, OFFICE OF THE
UNITED STATES ATTORNEY, Greenville, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Clarence Eugene Layton pleaded guilty to armed robbery of a bank, in violation of 18 U.S.C. § 2113(a) (1994), and using or carrying a weapon during a crime of violence, in violation of 18 U.S.C.A. § 924(c) (West 1994 & Supp. 1998). The court sentenced Layton to ninety months' imprisonment followed by five years of supervised release and a special assessment of $200, and Layton appeals his conviction and sentence. Layton's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two possible issues for review, but indicating that there are no meritorious issues for appeal. Layton was notified of his opportunity to file his own supplemental brief, but he has not done so.

Layton's attorney first raises the question of whether the district court complied with requirements of Rule 11 of the Federal Rules of Criminal Procedure when taking Layton's plea. A review of the record discloses that the court conducted the plea hearing in accordance with Rule 11. At the beginning of the hearing, the court inquired as to Layton's competence and his understanding of the proceedings. The court then informed Layton of the charges against him, the elements of the offense, and the maximum possible sentence. Layton stated that he understood the charges and that he was also satisfied with his attorney's representation. We therefore find that the district court complied with Rule 11.

Layton's attorney next raises the issue of whether the district court erred in sentencing Layton. A review of the record discloses that Layton's sentence was properly calculated under the Sentencing Guidelines and does not exceed the maximum allowed by the Guidelines or the applicable statutes. Further, this court cannot review a sentence within a correctly calculated guidelines sentence range that is also within the statutory maximum penalty. See United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990). Thus, this claim is without merit.

Accordingly, we affirm Layton's convictions and sentence. In accordance with the requirements of Anders, we have examined the entire record in this case and find no meritorious issues for appeal.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3